# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3590

_____

United States of America,     *
              *
     Appellee,     *
              * Appeal from the United States
  v.           * District Court for the
              * Northern District of Iowa.
Alejandro Guerrero Valadez,  *
              *  [PUBLISHED]
     Appellant.    *

_____

Submitted: June 9, 2009
Filed: July 13, 2009

_____

Before SMITH and SHEPHERD, Circuit Judges, and LIMBAUGH,[1] District Judge.

_____

PER CURIAM.

  The appellant, Alejandro Guerrero Valadez, pled guilty to one count of possession of a firearm by a felon and an unlawful drug user. See 18 U.S.C. § 922(g)(1), (g)(3). The district court[2] imposed a sentence of 63 months imprisonment to be followed by three years of supervised release. In this appeal, appellant contends that the district court imposed a substantively unreasonable sentence in denying his request for a downward variance.

_____

  [1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri, sitting by designation.

  [2]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

On May 1, 2007, appellant was picked up at a residence in Sioux City, Iowa, in a vehicle driven by Jesus Terrazas and occupied by two other individuals, including Victor Gutierrez. Appellant and the other occupants of the vehicle were members of the West Side Locos street gang. After entering the vehicle, appellant, who was sitting in the back seat, became aware that Gutierrez possessed a Norinco 7.62X39mm SKS semi-automatic firearm. This weapon had an obliterated serial number and had been modified to accept a large capacity magazine. Guiterrez asked appellant for the address of Ignacio Munoz, a member of Florencia 13, a rival street gang, and appellant directed Guiterrez to Munoz's Sioux City residence. On the vehicle's second pass by the residence, Guiterrez fired numerous rounds at Munoz's home from the moving vehicle.

Approximately three weeks prior to this shooting, appellant assembled with others, including Guiterrez, at a Sioux City apartment complex where appellant handled the Norinco firearm and approximately 100 rounds of ammunition. The group later traveled to a rural location where appellant and others fired approximately 100 rounds of ammunition. In traveling to this location, appellant rode in the vehicle that transported the firearm.

In 2006, appellant was convicted in Nebraska of felony possession of burglary tools and failure to appear. Further, during the period of the rural target practice and the drive-by shooting, appellant was a regular and prolonged unlawful user of controlled substances.

At sentencing, the district court determined that the appellant's base offense level was 20. See United States Sentencing Commission, Guidelines Manual, §2K2.1(a)(4)(B). He was assessed a four-level increase because a firearm was used or possessed in connection with another felony, id. §2K2.1(b)(6), and a four-level increase because the firearm had an obliterated serial number, id. §2K2.1(b)(4)(B), for

an adjusted offense level of 28. The appellant was granted a two-level decrease for acceptance of responsibility, id. §3E1.1(a), as well as a one-level decrease upon the motion of the United States for the timely acceptance of responsibility, id. §3E1.1(b), for a total offense level of 25. Appellant's criminal history category was four, yielding an advisory Guidelines range of 84 to 105 months. The district court granted the motion of the United States under U.S.S.G. §5K1.1 for downward departure for the appellant's substantial assistance in the investigation or prosecution of another person who has committed an offense and set that downward departure at 25 percent, yielding a revised advisory Guidelines range of 63 to 79 months. The district court rejected appellant's request for a downward variance below the bottom of the Guidelines range and sentenced appellant to 63 months of imprisonment.

"We review all sentences, whether inside or outside the Guidelines range, under a deferential abuse of discretion standard." United States v. Pepper, 518 F.3d 949, 951 (8th Cir.), cert. denied, 129 S. Ct. 138 (2008) (citing Gall v. United States, 128 S. Ct. 586, 597 (2007)). In considering the substantive reasonableness of sentence, we consider the totality of the circumstances. United States v. Bain, 537 F.3d 876, 879 (8th Cir. 2008) (per curiam), vacated on other grounds and remanded, 129 S. Ct. 2157 (2009). An abuse of discretion may be found where the district court "fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Kowal, 527 F.3d 741, 749 (8th Cir.), cert. denied, 129 S. Ct. 612 (2008) (quotation omitted).

In this appeal, as before the district court, appellant contends that the 63-month sentence is substantively unreasonable. In support of this contention, he argues that he played a minimal role in the drive-by shooting. Specifically, he asserts that, when he entered the vehicle, he thought the group was simply going to hang out and party and that he did not realize that the group possessed a firearm. Appellant contends that

he reluctantly gave Munoz's address to Guiterrez, he did not handle the firearm, and he refused to participate in the post-shooting celebration. He further argues that his youth, tenth grade education, low grade point average and class ranking, and history of substance abuse supported his request for a downward variance. Finally, he submits that if imprisoned he will be subject to physical violence and retaliation by gang members.

We find no abuse of discretion in appellant's sentence. First, the 63-month sentence, at the bottom of the Guidelines range, is presumed reasonable. Rita v. United States, 127 S. Ct. 2456, 2462 (2007); United States v. Canania, 532 F.3d 764, 773 (8th Cir. 2008), cert. denied, 129 S. Ct. 609 (2008), and 129 S. Ct. 938 (2009). Further, the district court adequately reviewed and considered the sentencing record as well as the arguments offered by appellant's attorney. The district court noted that the Guidelines range is advisory only, that it possessed the authority to vary below that range, and it was cognizant of the types of sentences available. The court expressly considered the 18 U.S.C. § 3553(a) factors and made specific reference to the nature and circumstances of the offense of conviction, including the particulars of appellant's participation in the drive-by shooting. In this regard, the district court noted that appellant was in the vehicle at the time of the shooting, he provided Munoz's address, and he had fired the semi-automatic firearm three weeks before the drive-by shooting. Finally, the court discussed appellant's age, education, criminal history, history of gang membership, and substance of abuse. Verifying its consideration of Appellant's history of substance abuse, the district court recommended, as part of the sentence, that the Bureau of Prisons permit appellant to participate in a "comprehensive residential drug abuse treatment program."

In view of the district court's consideration of the 18 U.S.C. § 3553(a) factors and its thorough explanation of its reasons for the chosen sentence, we conclude that the sentence imposed was not substantively unreasonable. Appellant's sentence is affirmed.

_____