# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2269

_____

United States of America,             *
                                    *

        Appellee,             *    Appeal from the United States
                                    *    District Court for the
      v.                     *    Western District of Arkansas.
                                    *

Martin Soltero-Hernandez,    *    [UNPUBLISHED]
                                    *

        Appellant.           *

_____

Submitted: October 5, 2010
Filed: October 5, 2010

_____

Before LOKEN, MURPHY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Martin Soltero-Hernandez challenges the sentence imposed by the district court[1] after he pled guilty to an immigration offense. On appeal, his counsel has moved to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing that the district court committed procedural error by treating the Guidelines as mandatory rather than advisory.

_____

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

We review the imposition of sentences under a deferential abuse-of-discretion standard, first ensuring that the district court committed no significant procedural error, and then considering the substantive reasonableness of the sentence. *See United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). We find no abuse of discretion here. First, the court properly recognized its obligation to calculate the advisory Guidelines range based on the Guidelines as they currently existed before deciding whether to depart or vary, and acknowledged its consideration of all the sentencing factors. *See id.* at 461 (procedural error includes improper application of Guidelines, treating Guidelines as mandatory, failing to consider 18 U.S.C. § 3553(a) factors, selecting sentence based on clearly erroneous facts, or failing to adequately explain sentence). Second, the sentence was imposed within the undisputed Guidelines range, and there is no indication that Soltero-Hernandez would be able to rebut the resulting presumption of reasonableness. *See United States v. Valadez*, 573 F.3d 553, 556 (8th Cir. 2009) (per curiam).

Having reviewed the record independently under *Penson v. Ohio*, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal. Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw, subject to counsel informing Soltero-Hernandez about procedures for seeking rehearing or filing a petition for certiorari.

_____