# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 10-1111

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Tabatha A. Veasley, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: September 30, 2010
Filed: October 6, 2010

_____

Before LOKEN, MURPHY, and BENTON, Circuit Judges.

_____

PER CURIAM.

After Tabatha Veasley pleaded guilty to conspiring to distribute and possess with intent to distribute at least 5 grams of a mixture or substance containing cocaine base, the district court[1] sentenced her at the bottom of the applicable guideline range to 27 months in prison and 5 years of supervised release. This appeal followed, in which counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the crack-to-powder cocaine ratio in the guidelines is unsound, and that the court's strict application of the guidelines resulted in an unreasonable sentence.

---

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

In a supplemental pro se brief, Veasley argues that her sentence is too high, she did not understand the guidelines, and she signed the plea agreement based on her counsel's promise that he would fight for a shorter sentence. We affirm.

Upon careful review, we conclude that Veasley's sentence is not unreasonable, see United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (standard of review); United States v. Valadez, 573 F.3d 553, 556 (8th Cir. 2009) (per curiam) (presumption of reasonableness); United States v. Watson, 480 F.3d 1175, 1177 (8th Cir. 2007) (discussing abuse of sentencing discretion); and we note that the court expressly acknowledged its discretion to vary from the guideline range. Further, if counsel is raising a constitutional argument about the crack and powder cocaine ratios in 21 U.S.C. § 841(b), that argument fails. See United States v. Fenner, 600 F.3d 1014, 1024-25 (8th Cir. 2010). To the extent that Veasley seeks to set aside her guilty plea based on her misunderstanding of the guidelines and of promises that her counsel made to her during plea negotiations, this matter is not properly raised for the first time on appeal. See United States v. Murphy, 899 F.2d 714, 716 (8th Cir. 1990) (claim that guilty plea was involuntary is not cognizable on direct appeal unless first presented to district court).

Finally, having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues for appeal. Accordingly, we affirm.

_____