# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1968

_____

United States of America,

           Appellee,

v.

Yordan Chapelli-Pedroso,

           Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the Northern
\*   District of Iowa.
\*
\*   [UNPUBLISHED]
\*

_____

Submitted: August 24, 2011
Filed: August 31, 2011

_____

Before MELLOY, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Yordan Chapelli-Pedroso appeals from the sentence the district court[1] imposed after he pled guilty to distributing and aiding and abetting in the distribution of 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2. Counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967).

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

We conclude that the district court committed no procedural error in sentencing Chapelli-Pedroso, and imposed a substantively reasonable sentence. <u>See</u> <u>Gall v. United States</u>, 552 U.S. 38, 51 (2007) (in reviewing sentence, appellate court first ensures that district court committed no significant procedural error, and then considers substantive reasonableness of sentence under abuse-of-discretion standard; if sentence is within Guidelines range, appellate court may apply presumption of reasonableness); <u>United States v. Valadez</u>, 573 F.3d 553, 556 (8th Cir. 2009) (per curiam) (sentence at bottom of Guidelines range is presumed reasonable). Nothing in the record indicates that the district court failed to consider a relevant 18 U.S.C. § 3553(a) sentencing factor, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in weighing relevant factors. <u>See</u> <u>United States v. Haack</u>, 403 F.3d 997, 1004 (8th Cir. 2005) (describing ways in which court might abuse its discretion at sentencing).

Having reviewed the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we have found no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____