# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2079

_____

United States of America,            *
                                    *

           Appellee,           *
                                    *   Appeal from the United States

     v.                       *   District Court for the
                                    *   Western District of Missouri.

Robert E. Allen, also known as    *
Richard Eugene Allen,         *     [UNPUBLISHED]
                                    *

           Appellant.         *

_____

Submitted: September 27, 2011
Filed: October 4, 2011

_____

Before MELLOY, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Robert Allen challenges the sentence imposed by the district court[1] upon his guilty plea to failure to register as a sex offender. Counsel moves to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the district court abused its discretion and committed substantive sentencing error by sentencing Allen to the low end of the advisory Guidelines range.

_____

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

Allen seeks appointment of new counsel and has filed a pro se supplemental brief raising allegations of ineffective assistance of counsel.

We conclude the district court committed no significant procedural error at sentencing. There is no indication that the court improperly applied the Guidelines, failed to consider a relevant sentencing factor, committed a clear error of judgment in weighing relevant factors, or failed to adequately explain its sentence; and we conclude that Allen has not rebutted the presumption that his sentence, at the bottom of the Guidelines range, is substantively reasonable. See Gall v. United States, 552 U.S. 38, 51 (2007) (in reviewing sentence, appellate court first ensures district court committed no significant procedural error, and then considers sentence's substantive reasonableness under abuse-of-discretion standard; if sentence is within Guidelines range, appellate court may apply presumption of reasonableness); United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (describing procedural error); United States v. Valadez, 573 F.3d 553, 556 (8th Cir. 2009) (per curiam) (sentence at bottom of Guidelines range is presumed reasonable).

Further, we decline to consider Allen's ineffective-assistance claims in this direct appeal, because the record is not appropriately developed. See United States v. McAdory, 501 F.3d 868, 872 (8th Cir. 2007) (appellate court ordinarily defers ineffective-assistance claims to 28 U.S.C. § 2255 proceedings). Finally, having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues.

Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____