# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1278

_____

United States of America,

           Appellee,

v.

Ldonpatrick Bones, also known as
Muffin,

           Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Eastern District of Arkansas.
\*
\*       [UNPUBLISHED]
\*
\*

_____

Submitted: November 14, 2011
Filed: November 21, 2011

_____

Before SMITH, BOWMAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

On February 4, 2009, Ldonpatrick Bones was charged in a six-count federal indictment with various drug-related crimes committed in June 2008. On September 15, 2010, Bones entered into a plea agreement with the Government under which he pleaded guilty to possessing cocaine base with intent to distribute, 21 U.S.C. § 841(a)(1), and the Government dismissed the remaining five counts of the indictment. A Presentence Investigation Report (PSR) was prepared and included a recommendation that Bones be sentenced as a career offender under § 4B1.1 of the

U. S. Sentencing Guidelines Manual. On January 19, 2011, the District Court[1] held a sentencing hearing, accepted the PSR sentencing recommendations without objection from either party, accepted Bones's guilty plea, and sentenced Bones as a career offender to 188 months' imprisonment.

On appeal, Bones first argues that the District Court should have sentenced him under the provisions of the Fair Sentencing Act of 2010 (FSA), Pub. L. No. 111-220, 2010 U.S.C.C.A.N. (124 Stat.) 2372 (codified in scattered sections of 18 & 28 U.S.C. (2010)), which became effective after Bones committed his offense but before the court imposed his sentence. As relevant, the FSA increased the quantity of cocaine base required to trigger applicable statutory mandatory minimum sentences, and Bones argues that he should have received the benefit of these revisions. We reject Bones's argument for retroactive application of the FSA because our Court has "definitively determined" that the FSA is not retroactive. United States v. Sidney, 648 F.3d 904, 906 (8th Cir. 2011); see also United States v. Woods, 642 F.3d 640, 644 (8th Cir. 2011); United States v. Orr, 636 F.3d 944, 957–58 (8th Cir. 2011) petition for cert. filed, (U.S. July 22, 2011) (No. 11-5485); United States v. Smith, 632 F.3d 1043, 1047–48 (8th Cir.), cert. denied, No. 11-5072, 2011 WL 4534733 (U.S. Oct. 3, 2011). Accordingly, the District Court did not err in sentencing Bones under the law in effect at the time he committed his offense.

Bones next argues that because he was sentenced on January 19, 2011, the District Court should have calculated his sentence using the Guidelines as amended by the Sentencing Commission effective November 1, 2010, pursuant to Congress's directive in the FSA. District courts are generally required to apply the Guidelines in effect at the time of sentencing. U.S.S.G. § 1B1.11(a); United States v. Anderson, 570 F.3d 1025, 1033 (8th Cir. 2009). But any error in this case was harmless because

---

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

Bones's total offense level and his ultimate sentence were determined under the career-offender provisions of Guidelines § 4B1.1, and these provisions were not affected by the November 2010 amendments to the Guidelines.

For the foregoing reasons, we affirm the judgment of the District Court.

_____