# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1993

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Southern District of Iowa. |
| | * | |
| Terrance J. Hood, also known as | * | [UNPUBLISHED] |
| Terrance J. Soto, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: January 25, 2012
Filed: March 22, 2012

_____

Before LOKEN, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Pursuant to a written plea agreement, Terrance Hood pleaded guilty to a drug-conspiracy offense, and the district court[1] sentenced him to 188 months in prison and 5 years of supervised release. Hood appeals, and his counsel has moved to withdraw, submitting a brief under Anders v. California, 386 U.S. 738 (1967), in which he argues that the sentence is unreasonable. Hood has filed a pro se supplemental brief

_____

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

asserting that the court miscalculated his criminal history score and that his attorney failed to object to the score.

Because Hood's sentence falls within the applicable Guidelines range, a presumption arises that his sentence is not substantively unreasonable. He has not rebutted that presumption, and accordingly, we conclude that the sentence is not unreasonable. See Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Valadez, 573 F.3d 553, 556 (8th Cir. 2009) (per curiam). Further, we will not address the supplemental-brief arguments about Hood's criminal history score, because he stipulated in the plea agreement that he would be sentenced as a career offender with a Category VI criminal history, see United States v. Early, 77 F.3d 242, 244 (8th Cir. 1996) (per curiam); and any ineffective-assistance claim he may have intended to raise is not properly before us in this direct criminal appeal, see United States v. Hughes, 330 F.3d 1068, 1069 (8th Cir. 2003).

Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw.

_____