# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 11-3198

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Charles E. Shirley, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

———————

Submitted: April 4, 2012
Filed: April 9, 2012

———————

Before LOKEN, BOWMAN, and BENTON, Circuit Judges.

———————

PER CURIAM.

Charles Shirley challenges the seventy-month sentence imposed by the District Court[1] after Shirley pleaded guilty to a firearm offense. His counsel has moved to withdraw, and in a brief filed under Anders v. California, 386 U.S. 738 (1967), counsel challenges the reasonableness of the sentence, arguing that the District Court should have considered varying below the Guidelines range in sentencing Shirley. Shirley has moved for appointment of counsel and has filed a supplemental brief in

———————

[1]The Honorable Fernando J. Gaitan, Jr., Chief Judge, United States District Court for the Western District of Missouri.

which he argues that the District Court erred in its offense-level and criminal-history calculations and considered impermissible factors in determining his sentence.

We conclude that the District Court did not impose an unreasonable sentence. Shirley was sentenced at the bottom of the properly calculated Guidelines range, and we find no indication that the court believed it lacked authority to vary below that range. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (noting that appellate court reviews district court's sentencing decisions for abuse of discretion, first ensuring that the court committed no procedural error and then considering substantive reasonableness of the sentence); United States v. Valadez, 573 F.3d 553, 556 (8th Cir. 2009) (per curiam) (stating that a sentence at the bottom of a properly calculated Guidelines range is presumed reasonable on appeal).

We also conclude that Shirley's pro se arguments are without merit. Shirley did not object to the District Court's sentencing calculations and thus is entitled only to plain-error review. See United States v. Pirani, 406 F.3d 543, 549 (8th Cir.) (en banc) (noting that errors not preserved below are reviewed for plain error); cert. denied, 546 U.S. 909 (2005). We find no error, plain or otherwise, in the challenged sentencing calculations. Further, the record shows that the District Court did not consider impermissible factors in imposing sentence when the court referred to Shirley's criminal history and recommended that he participate in drug treatment and obtain his GED while in prison. 18 U.S.C. § 3553(a) (stating that factors to be considered include a defendant's criminal history and the need to provide educational or vocational training, medical care, or other corrective treatment).

Finally, having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues for appeal. Accordingly, we grant counsel's motion to withdraw, deny Shirley's motion for appointment of counsel, and affirm the judgment of the District Court.

_____