# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-2498
_____

United States of America

*Plaintiff - Appellee*

v.

James A. Howard

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: May 11, 2020
Filed: June 16, 2020

_____

Before COLLOTON, BEAM, and BENTON, Circuit Judges.

_____

BEAM, Circuit Judge.

In 2007 James Howard entered a plea of guilty to, among other charges, conspiracy to possess with intent to distribute fifty grams or more of a mixture or substance containing cocaine base (crack cocaine). For sentencing purposes, the parties agreed that Howard would be responsible on that charge for at least 1.5 kilograms of a mixture of substance containing a detectable amount of crack cocaine.

Howard's calculated Guidelines range was 135 to 168 months in prison. The district court[1] sentenced Howard to 135 months' imprisonment on the drug count relevant here.

In June 2019, Howard filed a motion for a sentence reduction under section 404 of the First Step Act, contending that he should be held responsible only for the quantity of drug alleged in Count I of the indictment–fifty grams of cocaine base–and that he was thus eligible for a sentence reduction. The district court denied the motion. "We review for an abuse of discretion the district court's decision to grant or deny an authorized sentence reduction." United States v. McDonald, 944 F.3d 769, 771 (8th Cir. 2019); see First Step Act of 2018, Pub. L. No. 115-391, § 404(c), 132 Stat. 5194, 5222 ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."). Under the First Step Act, a court that imposed a sentence for an offense whose penalties were modified by the Fair Sentencing Act of 2010 may, in its discretion, impose a reduced sentence. Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222.

Analyzing the issue without the benefit of this circuit's discussion in McDonald, 944 F.3d at 771-72, the district court concluded that the drug quantity accepted by the plea agreement and as set forth in the presentence investigation report applied, holding Howard responsible for at least 1.5 kilograms of crack cocaine. Using this amount, the court surmised that the government would have charged him in accordance with the new statutory language setting the ten-year mandatory minimum threshold at 280 grams (increased from fifty grams) and thus his offense penalties remained unchanged. See 21 U.S.C. § 841(b)(1)(A)(iii). Accordingly, the district court found Howard precluded from receiving First Step Act relief.

---

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

After <u>McDonald</u>, we now know that the court erred in finding Howard ineligible for relief. <u>McDonald</u> held that the First Step Act "applies to offenses, not conduct," so it is the defendant's statute of conviction that determines his eligibility for relief. 944 F.3d at 772. The statute of conviction in Howard's case required proof that he distributed or conspired to distribute fifty grams or more of cocaine base. The Fair Sentencing Act of 2010 increased the amount of cocaine base required to trigger the mandatory minimum of ten years from fifty grams to 280 grams. <u>See</u> Pub. L. No. 111-220, § 2(a), 124 Stat. 2372, 2372. Howard's offense of conviction falls under 21 U.S.C. § 841(b)(1)(B)(iii), which establishes a statutory penalty range of five to forty years for twenty-eight grams or more of cocaine base. Based on his offense of conviction, Howard was thus eligible for First Step Act relief–indeed, a new mandatory minimum applied–because his was a "covered offense" under section 404(a).

Our inquiry does not end with the acknowledgment of the court's error, however, because in this case, the district court additionally stated that even *if* Howard *had* been eligible for relief under the First Step Act, "this is not a case in which the Court would exercise its discretion to grant such relief." This statement by the district court distinguishes this case from <u>McDonald</u> where this circuit rejected a posited abuse-of-discretion argument. 944 F.3d at 772. In <u>McDonald</u> the government argued there was no abuse of discretion because the district court had already granted a reduction years earlier pursuant to retroactive amendments to the United States Sentencing Guidelines. The government claimed that in previously doing so the court analyzed the same factors as it would in accordance with the Fair Sentencing Act, and thus had effectively already reduced McDonald's sentence, and any further reduction under the First Step Act was foreclosed–an argument this court rejected. <u>Id.</u> ("That the court might properly deny relief at the discretionary second step does not remedy any error in determining ineligibility at the first step.").

Unlike the factual scenario in <u>McDonald</u>, the district court in this particular matter addressed its discretion under the First Step Act particularly, conducting the appropriate second step contemplated by the Act. <u>Id.</u> (clarifying the necessary two-step analysis under the First Step Act). As a result, we find that although the court erred regarding Howard's eligibility under step one, remanding on the basis of that error would be an exercise in futility. The district court was the original sentencing court and thus was uniquely positioned to consider the many factors necessary in exercising its ultimate discretion. The court's plain statement regarding its decision not to exercise its discretion under the First Step Act in this case closes the matter. Accordingly, there was no reversible error and we affirm the judgment.

—————————————————