# United States Court of Appeals

## For the Eighth Circuit

_____

No. 19-3595

_____

United States of America

*Plaintiff - Appellee*

v.

Marcus Johnson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: June 15, 2020
Filed: July 24, 2020
[Unpublished]

_____

Before KELLY, ERICKSON, and STRAS, Circuit Judges.

_____

PER CURIAM.

In 2007, Marcus Johnson pled guilty to conspiracy to distribute 500 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. The district court[1] sentenced Johnson to a term of 240 months' imprisonment to be followed by

_____

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

10 years of supervised release. In May 2019, Johnson moved for a sentence reduction based on section 404 of the First Step Act. The district court denied relief, explaining that Johnson was "in exactly the same position after the enactment of the First Step Act as he was before it" because Johnson had acknowledged responsibility in his plea agreement for a drug quantity "in excess of 500 grams of cocaine base." Johnson appeals.

The district court analyzed Johnson's eligibility for relief under the First Step Act without the benefit of United States v. McDonald, 944 F.3d 769 (8th Cir. 2019) or United States v. Howard, 962 F.3d 1013 (8th Cir. 2020). Although Johnson correctly argues the district court's eligibility determination was in error, the error is harmless because the court specifically recognized there was a split of authority on the question of eligibility and declared if the court had discretion to reduce Johnson's sentence, it would decline to do so. The court acted within its discretion to deny relief. Howard, 962 F.3d at 1015.

The judgment of the district court is affirmed.

KELLY, Circuit Judge, concurring.

Johnson argues the district court's alternative holding—that even if he were eligible for relief under the First Step Act, it would still deny him a sentence reduction—is insufficient for this court to affirm. But for our recent decision in Howard, I would remand for a more fulsome analysis from the district court. See United States v. Howard, 962 F.3d 1013, 1015 (8th Cir. 2020). The Seventh Circuit recently reversed the denial of First Step Act relief where the district court incorrectly determined the defendant's eligibility for relief but alternatively ruled that, "even if [the defendant] were eligible, it would not reduce his sentence." United States v. Shaw, 957 F.3d 734, 740 (7th Cir. 2020). In doing so, the appellate court stated that it "must be sure that an alternative ruling was not just a conclusory statement tossed

in for good measure" rather than a "detailed explanation of the basis for the parallel result." Id. (cleaned up); see also United States v. Smith, 959 F.3d 701, 704 (6th Cir. 2020) (reversing the denial of First Step Act relief because "the district court failed to provide a sufficiently compelling justification" for its decision). I agree with this reasoning and believe it is consistent with our explanation in McDonald that even if the district court might properly exercise its discretion to deny a sentence reduction, this "does not remedy any error in determining ineligibility" in the first instance. See United States v. McDonald, 944 F.3d 769, 772 (8th Cir. 2019).

However, because Howard involved facts indistinguishable from this case, I agree that we are bound to affirm the district court's judgment. See United States v. Howard, 962 F.3d at 1015 (affirming where the district court incorrectly found the defendant ineligible for First Step Act relief but "additionally stated that even *if* Howard *had* been eligible for relief . . . , 'this is not a case in which the Court would exercise its discretion to grant such relief'").

_____