# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3415
_____

United States of America

*Plaintiff - Appellee*

v.

Myron Dejuan Orr

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa
_____

Submitted: September 21, 2020
Filed: December 8, 2020
[Unpublished]
_____

Before COLLOTON, GRUENDER, and GRASZ, Circuit Judges.
_____

PER CURIAM.

A jury convicted Myron Orr of seven crimes, including possession and distribution of crack cocaine, conspiracy to distribute 50 grams or more of crack cocaine, and being a felon in possession of a firearm. Under § 4B1.1 of the United States Sentencing Guidelines Manual ("Guidelines"), Orr's earlier criminal history triggered a "career offender" designation. Based on the career offender designation,

the district court[1] handed down a life sentence for the conspiracy conviction. The district court also imposed 360 months for each of the other five drug convictions and 120 months for the firearm conviction, all to be served concurrently. Just over seven years after sentencing, the President of the United States commuted Orr's life sentence to 360 months of imprisonment.

In 2018, Congress enacted the First Step Act of 2018 ("First Step Act"), "which made retroactive the lower penalties for cocaine base offenses established by the Fair Sentencing Act" of 2010. *United States v. McDonald*, 944 F.3d 769, 771 (8th Cir. 2019) (citing the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222, and the Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372). Orr soon moved for a reduction of his sentence under § 404 of the First Step Act. The district court denied that motion. The district court explained that even "[w]ith retroactive application of the Fair Sentencing Act of 2010, [Orr] still faced a maximum term of incarceration of life imprisonment." Thus, the district court stated Orr's career offender sentencing Guidelines range of 360 months to life imprisonment "did not change because of the First Step Act." The district court went on to state it "decline[d] to exercise its discretion to reduce [Orr's] sentence."

Orr appeals, arguing the district court: (1) failed to properly determine he was eligible for a sentence reduction under the First Step Act; and (2) abused its discretion and violated his right to a complete merits review of his First Step Act motion. Neither argument prevails.

We review a district court's decision to grant or deny an authorized sentence reduction for abuse of discretion. *United States v. Howard*, 962 F.3d 1013, 1014 (8th Cir. 2020). Determining whether to grant a motion for a reduced sentence under § 404 involves two steps. *McDonald*, 944 F.3d at 772. "First, the court must decide

---

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

whether the defendant is eligible for relief under § 404.  Second, if the defendant is eligible, the court must decide, in its discretion, whether to grant a reduction." *Id*.

We turn first to Orr's eligibility.  Orr contends it is unclear whether the district court believed he was eligible for a reduction under the First Step Act.  Asserting he is eligible for a reduction under *McDonald*, Orr argues remand is necessary for the district court to make such a determination.  We disagree.  We interpret the district court's order to mean that it would "decline[] to exercise discretion to reduce [Orr's] sentence" if Orr was eligible for such a reduction.  Thus, even if the district court erroneously determined Orr was ineligible for First Step Act relief, an issue we need not reach, such error would be harmless.  *See Howard*, 962 F.3d at 1015.  Knowing the district court would not exercise its discretion to reduce the sentence makes remand for an eligibility determination "an exercise in futility." *Id.*

This brings us to the district court's discretionary determination.  Orr contends the district court abused its discretion by not discussing either the numerous considerations he raised in support of his request for a reduced sentence or the sentencing factors set forth in 18 U.S.C. § 3553(a).  After careful review of the record, we conclude Orr's argument fails.  Orr was entitled to have the district court consider his arguments and have "a reasoned basis for its decision." *United States v. Hoskins*, 973 F.3d 918, 921 (8th Cir. 2020) (quoting *United States v. Moore*, 963 F.3d 725, 728 (8th Cir. 2020)).  However, nothing in the First Step Act requires the district court to analyze the § 3553(a) factors when exercising its discretion to grant or deny relief.  *Id.*  And "not every reasonable argument advanced by a defendant requires a specific rejoinder by the judge." *United States v. Banks*, 960 F.3d 982, 985 (8th Cir. 2020) (quoting *United States v. Gray*, 533 F.3d 942, 944 (8th Cir. 2008)).  This is particularly true when a § 404 motion is reviewed by the same court that imposed the original sentence, as was the case here, because the court is "uniquely positioned to consider the many factors necessary in exercising its ultimate discretion." *Howard*, 962 F.3d at 1015.  Further, in situations like this, when a judge decides simply to sentence within the Guidelines range in a particular case, "doing so will not necessarily require lengthy explanation." *Rita v. United*

*States*, 551 U.S. 338, 356–57 (2007).  Accordingly, we conclude the district court gave a legally-sufficient explanation for declining to depart below the Guidelines range.

We affirm the district court's judgment.

_____