# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 19-3419

———————————————

United States of America

*Plaintiff - Appellee*

v.

Gregory R. Davis

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Southern District of Iowa - Davenport

——————————

Submitted: September 21, 2020
Filed: December 30, 2020
[Unpublished]

——————————

Before COLLOTON, GRUENDER, and GRASZ, Circuit Judges.

——————————

PER CURIAM.

In 2007, Gregory Davis pled guilty to conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base. In the written plea agreement, Davis stipulated that (1) his offense involved more than 150 grams of cocaine base, (2) he was convicted of offenses that might qualify him as a career offender, and (3) he possessed a dangerous weapon during the charged drug

conspiracy. The district court[1] sentenced Davis to 262 months of imprisonment.[2] That sentence was above the 240-month statutory minimum, but at the bottom of the calculated United States Sentencing Guidelines Manual's 262–327 months range.

In 2018, Congress enacted the First Step Act, which made retroactive the Fair Sentencing Act of 2010's changes to the penalties for cocaine base offenses. *United States v. McDonald*, 944 F.3d 769, 771 (8th Cir. 2019) (citing the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222, and the Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372). Davis moved for a sentence reduction under § 404 of the First Step Act. The district court denied that motion, stating:

> The defendant requests resentencing and a determination that he is no longer a career offender. In the absence of that decision, the defendant requests that the court vary from the guideline range to a sentence of approximately half of what he received. However, the First Step Act is not a vehicle for wholesale resentencing of persons sentenced prior to the Fair Sentencing Act of 2010. The court has examined whether the defendant is entitled to relief pursuant to the First Step Act's retroactive application of the Fair Sentencing Act. If the court were able to grant the requested relief, it would decline to exercise its discretion to do so.

Davis appeals that denial.

We review the legal question of Davis's sentence-reduction eligibility de novo and the district court's denial of that reduction for abuse of discretion. *United States v. Williams*, 943 F.3d 841, 843 (8th Cir. 2019). The § 404 analysis involves two steps. *McDonald*, 944 F.3d at 772. "First, the court must decide whether the

---

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

[2]The district court sentenced Davis to 255 months of imprisonment and credited him for seven months of time-served in state prison, bringing his total to 262 months.

defendant is eligible for relief under § 404.  Second, if the defendant is eligible, the court must decide, in its discretion, whether to grant a reduction."  *Id.*

We turn first to Davis's eligibility.  On appeal, the government concedes Davis is eligible for relief in light of *United States v. Banks*.  960 F.3d 982, 984 (8th Cir. 2020) (quoting *McDonald*, 944 F.3d at 772).  Davis argues remand is necessary because the district court failed to recognize his eligibility.  We read the district court's order as stating that it would decline to exercise its discretion to grant Davis relief under the First Step Act if he *were* eligible, not as a definitive statement that Davis is ineligible.  But even if the district court had erroneously concluded Davis was ineligible for relief, an issue we do not decide, it would be harmless error because the district court squarely stated that assuming Davis were eligible it would decline to exercise its discretion to grant relief here.  *See United States v. Howard*, 962 F.3d 1013, 1015 (8th Cir. 2020).

We turn next to the district court's discretionary determination.  Section 404(c) states that "[n]othing in this section shall be construed to require a court to reduce any sentence."  However, the statute also provides that a defendant is entitled to a "complete review" of his motion for a sentence reduction.  *Id.*  A complete review means "a district court considered petitioner's arguments in the motion and had a reasoned basis for its decision."  *United States v. Moore*, 963 F.3d 725, 728 (8th Cir. 2020) (cleaned up) (quoting *Williams*, 943 F.3d at 844).  Here, the district court began its order by recounting the defendant's sentencing history, including his initial Guidelines range.  The district court then discussed the First Step Act's effect on Davis's range and concluded that his career offender designation (which impacted his initial sentence) was unchanged.  Finally, the district court addressed the § 404 sentence-reduction analysis.  It concluded by discussing step two of the § 404 analysis: "If the court were able to grant the requested relief, it would decline to exercise its discretion to do so."  We presume the district court considered Davis's arguments before making its sentencing determination, *United States v. Timberlake*, 679 F.3d 1008, 1012 (8th Cir. 2012), and conclude the district court's statement that it would decline to exercise its First Step Act discretion is

enough to "close[] the matter." *Howard*, 962 F.3d at 1015; *accord United States v. Hoskins*, 973 F.3d 918, 920–22 (8th Cir. 2020).

The First Step Act does not require that the district court analyze the § 3553(a) factors when exercising its discretion to deny relief or address every argument raised by the defendant. *Hoskins*, 973 F.3d at 921; *Banks*, 960 F.3d at 985. This is particularly true when, like here, the sentencing court also reviews the § 404 motion, because the court is "uniquely positioned to consider the many factors necessary in exercising its ultimate discretion." *Howard*, 962 F.3d at 1015. Further, when a district court decides to sentence within the Guidelines range "doing so will not necessarily require lengthy explanation." *Rita v. United States*, 551 U.S. 338, 356–57 (2007). We therefore hold the district court did not abuse its substantial discretion in denying Davis's requested reduction.

We affirm the district court's judgment.

_____