# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-1578
_____

United States of America

*Plaintiff - Appellee*

v.

Alvin Lee Cooper

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: January 11, 2021
Filed: February 11, 2021
[Unpublished]
_____

Before COLLOTON, WOLLMAN, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Alvin Lee Cooper appeals the district court's[1] denial of his motion for sentence reduction pursuant to Section 404 of the First Step Act of 2018. Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). We affirm.

On July 26, 2010, Cooper pleaded guilty to conspiracy to distribute at least 50 grams of cocaine base, 500 grams or more of powder cocaine, and a detectable amount of marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A), (B), and (D). He also pleaded guilty to possession of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). As a career offender under the U.S. Sentencing Guidelines, Cooper had an advisory sentencing Guidelines range for the conspiracy count of 360 months' to life imprisonment with a mandatory consecutive term of 60 months for the firearm conviction. At sentencing in February 2012, the district court sentenced Cooper to a total of 250 months' imprisonment after considering the Guidelines and the factors under 18 U.S.C. § 3553(a).[2]

In 2018, Congress enacted the First Step Act, "which made retroactive the lower penalties for cocaine base offenses established by the Fair Sentencing Act [of 2010]." United States v. McDonald, 944 F.3d 769, 771 (8th Cir. 2019). In 2019, Cooper moved for a reduction of his sentence under Section 404 of the First Step Act, the denial of which, as set forth above, gave rise to this appeal.

Determining whether to grant a motion for a reduced sentence under Section 404 involves two steps. McDonald, 944 F.3d at 772. "First, the [district] court must decide whether the defendant is eligible for relief under § 404. Second, if the defendant is eligible, the [district] court must decide, in its discretion, whether to

---

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

[2]Cooper was sentenced to 215 months' imprisonment on the conspiracy count and 35 months' imprisonment on the firearm conviction.

grant a reduction." Id. We review the district court's determination as to Cooper's eligibility under the First Step Act *de novo* and its decision whether to grant or deny a reduction for abuse of discretion. Id. at 771.

We turn first to Cooper's eligibility. The district court "question[ed] whether the defendant is eligible for relief under the First Step Act because he was not sentenced prior to the enactment of the Fair Sentencing Act." D. Ct. Order of March 6, 2020. Cooper argues remand is necessary because the district court failed to make a definitive eligibility determination. Under the plain text of the statute, Cooper is eligible for First Step Act relief because his covered offense was "committed before August 3, 2010," § 404(a), 132 Stat. at 5222, and his sentence was not "previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act," § 404(c), 132 Stat. at 5222. As in United States v. Howard, 962 F.3d 1013 (8th Cir. 2020), however, remand here "would be an exercise in futility," id. at 1015, because the district court stated that even if Cooper were eligible, "the court would decline to grant the defendant any relief," D. Ct. Order of March 6, 2020.

We therefore turn to the district court's discretionary decision to deny a reduction in sentence. Cooper argues that the district court abused its discretion by failing to conduct a complete review of his Section 404 motion on the merits because the order does not give any indication that the district court considered his arguments in favor of reduction. To conduct a "complete review" under Section 404, a district court must consider the arguments presented in the defendant's motion and have a reasoned basis for its decision. United States v. Moore, 963 F.3d 725, 728 (8th Cir. 2020). Our review consists of determining whether the record shows that the district court "has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." United States v. Booker, 974 F.3d 869, 871 (8th Cir. 2020) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)).

The record shows that the district court conducted a complete review of Cooper's Section 404 motion here. In declining to grant Cooper relief, the district court reasoned that, although the First Step Act reduced the mandatory minimum term of incarceration for Cooper's conspiracy count, "the mandatory minimum had no effect on [Cooper's] sentence." D. Ct. Order of March 6, 2020. It is clear from the district court's order that it declined to grant Cooper relief because the considerations that went into Cooper's initial sentence were unaffected by the First Step Act. The district court is not required to analyze the 18 U.S.C. § 3553(a) factors when exercising its discretion to grant or deny relief under the First Step Act. Moore, 963 F.3d at 727–28. Nor is the district court required to respond to every argument the defendant makes. United States v. Banks, 960 F.3d 982, 985 (8th Cir. 2020). That is particularly true, when, as here, the Section 404 motion is reviewed by the same court that imposed the original sentence. Howard, 962 F.3d at 1015 ("The district court was . . . uniquely positioned to consider the many factors necessary in exercising its ultimate discretion.").

The judgment is affirmed.

_____