# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-1576
_____

United States of America

*Plaintiff - Appellee*

v.

Terrance J. Hood

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern

_____

Submitted: January 11, 2021
Filed: June 1, 2022
[Unpublished]

_____

Before LOKEN, GRASZ, and KOBES, Circuit Judges.

_____

PER CURIAM.

In 2011, Terrance Hood was sentenced to 188 months in prison for conspiracy to distribute cocaine base. Years later, he moved for a reduced sentence under the First Step Act. The district court[1] denied his motion, concluding that Hood was "not

_____

[1]The Honorable John A. Jarvey, then Chief Judge, United States District Court for the Southern District of Iowa, now retired.

eligible for relief" and stating that, even if he were, "the court would exercise its discretion to deny relief." Hood appeals, arguing that the district court erred by finding that he was ineligible for a sentence reduction and by denying him a complete review of his motion. We affirm.

## I.

Hood pleaded guilty in 2010 to conspiracy to distribute five grams or more of cocaine base, 21 U.S.C. §§ 846, 841(b)(1)(B). His Presentence Report attributed 99.3 grams of cocaine base to him, nearly all of which was in his possession when he was arrested. Hood agreed that, because of his prior drug convictions, he was a career offender. The court sentenced him to 188 months in prison and five years of supervised release, the bottom of his Guidelines range. We affirmed. United States v. Hood, 469 F. App'x 499, 500 (8th Cir. 2012) (per curiam) (unpublished).

In 2012, Hood moved to reduce his sentence. He argued that since Dorsey v. United States, 567 U.S. 260, 282 (2012), made the Fair Sentencing Act retroactive, he was entitled to a reduction. The district court denied the motion, reasoning that Hood was sentenced under the career offender guideline, U.S.S.G. § 4B1.1, a section that was unaffected by the Fair Sentencing Act. See United States v. Bones, 454 F. App'x 528, 530 (8th Cir. 2011) (per curiam) (unpublished).

After the First Step Act of 2018 was passed, Hood once again moved to reduce his sentence. The court denied his motion, concluding that Hood was not eligible for relief. The First Step Act only gives retroactive relief when a defendant's sentence was not "previously imposed or previously reduced in accordance with" the Fair Sentencing Act. Pub. L. 115-391, § 404(c), 132 Stat. 5194, 5222. Because the district court had already considered Hood's Fair Sentencing Act challenge and "imposed" a sentence in accordance with it, it held that he was ineligible for retroactive relief. The court also noted that, even if Hood were eligible for a

reduction, it "would exercise its discretion to deny relief." See id. ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."). Hood appealed.

II.

Hood first argues that the district court erred by finding that he wasn't eligible for a sentence reduction. We decline to consider this argument because any error was harmless. The court noted that if Hood were eligible for a reduction, it would nevertheless "exercise its discretion to deny relief." Because we know the district court would not exercise its discretion to reduce Hood's sentence, remanding for resentencing "would be an exercise in futility." United States v. Howard, 962 F.3d 1013, 1015 (8th Cir. 2020).

Hood next argues that the district court failed to provided him a "complete review of the motion on the merits." But "[t]he term 'complete review' does not mandate considering the section 3553 factors." United States v. Moore, 963 F.3d 725, 728 (8th Cir. 2020). Rather, "[a] 'complete review of the motion' means that a district court considered [Hood's] arguments in the motion and had a reasoned basis for its decision." Id. (quotations omitted). The district court provided exactly that, noting that Hood was ineligible for relief because his prior sentence was "imposed" in accordance with the Fair Sentencing Act.

The district court also provided an adequate justification for why it would deny Hood's motion even if he were eligible for a sentence reduction. The judge who presided over Hood's First Step Act motion also presided over his sentencing and three subsequent motions to modify his sentence. During those proceedings, the court explicitly considered the seriousness of Hood's offenses, his history of recidivism, and the challenges he faced during his upbringing. Considering all of that information, the court determined that a 188-month sentence was appropriate. We

"need not turn a blind eye to what the judge said at [a defendant's] initial sentencing. . . . [t]o the contrary, the record of the initial sentencing sheds light" on a court's ruling in a later proceeding. <u>Chavez-Meza v. United States</u>, 138 S.Ct. 1959, 1967 (2018). In light of those prior proceedings, we are satisfied that the court considered Hood's arguments and provided a reasoned basis for denying his motion.

We affirm the judgment of the district court.[2]

_____

_____

[2]According to the Federal Bureau of Prisons website, Hood was released from federal custody on April 25, 2022. <u>See</u> <u>Find an Inmate</u>, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/. But because Hood's motion for a sentence reduction challenges both his term of imprisonment *and* his term of supervised release, his appeal is not moot. <u>See</u> <u>United States v. Soward</u>, No. 21-1386, 2022 WL 1122871, at *1 n.2 (8th Cir. 2022) (unpublished).