# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 19-1221

———————————————

United States of America

*Plaintiff - Appellee*

v.

Maurice Jerome McDonald

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

——————————

Submitted: September 27, 2019
Filed: December 11, 2019

——————————

Before KELLY, MELLOY, and STRAS, Circuit Judges.

——————————

KELLY, Circuit Judge.

Maurice Jerome McDonald appeals from the district court's denial of his motion for a sentence reduction under the First Step Act of 2018. Because the district court erred by finding McDonald ineligible for relief, we reverse and remand.

## I.

On February 3, 1999, a jury convicted McDonald on four counts of a superseding indictment, including Count 39 for distributing two ounces of cocaine base in violation of 21 U.S.C. § 841. He received a sentence of life imprisonment for Count 39, which we affirmed on appeal. United States v. Nicholson, 231 F.3d 445, 453 (8th Cir. 2000).

McDonald later filed a series of motions to reduce his sentence. In May 2015, he moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), based on Amendment 782 to the United States Sentencing Guidelines. See USSG supp. app. C. amend. 782 (2014). The government acknowledged that, under this amendment, McDonald's base offense level on Count 39 would decrease from 38 to 36, resulting in a Guidelines range of 360 months to life. In April 2016, the district court granted McDonald's motion and reduced his sentence to 360 months in prison.

On January 11, 2019, McDonald filed a pro se motion for a reduced sentence under the newly enacted First Step Act, which made retroactive the lower penalties for cocaine base offenses established by the Fair Sentencing Act. The district court denied the motion without a hearing, finding McDonald ineligible for relief because his sentence was based on 150 kilograms of powder cocaine rather than cocaine base.

McDonald appeals. He argues he is eligible for a reduced sentence under the First Step Act because his conviction on Count 39 was for distributing cocaine base, not powder cocaine. The government contends the district court did not abuse its discretion by denying McDonald's motion because he had already received a reduced sentence in 2016, and that sentence is within the statutory limits set by the Fair Sentencing Act.

## II.

We review de novo the applicability of the First Step Act to a defendant's case, including whether a defendant is eligible for a sentence reduction. Cf. United States v. Gamble, 683 F.3d 932, 933 (8th Cir. 2012) (reviewing "de novo the applicability of the [Fair Sentencing Act] to a defendant's case"). We review for an abuse of discretion the district court's decision to grant or deny an authorized sentence reduction. See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222 § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.").

Congress enacted the Fair Sentencing Act in 2010, which reduced the sentencing disparity between cocaine base and powder cocaine from 100-to-1 to 18-to-1. Dorsey v. United States, 567 U.S. 260, 269 (2012); see Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. Section 2 of the Fair Sentencing Act increased the quantity of cocaine base required to trigger mandatory minimum sentences. It raised the threshold for the 5-year minimum from 5 grams to 28 grams, and raised the threshold for the 10-year minimum from 50 grams to 280 grams. Dorsey, 567 U.S. at 269. Section 3 eliminated the 5-year mandatory minimum for simple possession of cocaine base. Id. These changes did not apply to defendants sentenced before August 3, 2010. Id. at 263.

In 2018, Congress enacted the First Step Act, which makes certain provisions of the Fair Sentencing Act retroactive. As relevant here, section 404(b) of the First Step Act allows a district court to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." First Step Act § 404(b). A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . , that was committed before August 3, 2010." Id. § 404(a).

McDonald was convicted on Count 39 for distributing two ounces—approximately 57 grams—of cocaine base. When McDonald committed the offense, the statutory penalty for distributing 57 grams of cocaine base was ten years to life. 21 U.S.C. § 841(b)(1)(A)(iii) (1996). After the First Step Act made section 2 of the Fair Sentencing Act retroactive, the statutory range for McDonald's conviction became 5 to 40 years. 21 U.S.C. § 841(b)(1)(B)(iii) (2012).

McDonald's Count 39 conviction is a "covered offense" under § 404 of the First Step Act because (1) it is a violation of a federal statute; (2) the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act; and (3) it was committed before August 3, 2010. Consequently, McDonald is eligible for a sentence reduction on Count 39: the district court may "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time of the covered offense was committed." First Step Act § 404(b).

It is true, as the district court noted, that McDonald's base offense level under the Sentencing Guidelines was based on more than 150 kilograms of powder cocaine, not cocaine base. But this Guidelines calculation does not change the fact that he was convicted on Count 39 for distributing cocaine base in violation of 21 U.S.C. § 841(b)(1)(A)(iii) (1996). The First Step Act applies to offenses, not conduct, see First Step Act § 404(a), and it is McDonald's statute of conviction that determines his eligibility for relief, see, e.g., United States v. Beamus, No. 19-5533, 2019 WL 6207955, at *3 (6th Cir. Nov. 21, 2019); United States v. Wirsing, No. 19-6381, 2019 WL 6139017, at *9 (4th Cir. Nov. 20, 2019).

The government does not argue that McDonald did not commit a "covered offense." Instead, it contends the district court did not abuse its discretion by denying

McDonald's motion because it had already reduced his sentence in 2016.[1] But the fact that McDonald received a sentence reduction based on a retroactive Guidelines Amendment does not affect his eligibility for a sentence reduction under the First Step Act. A court considering a motion for a reduced sentence under § 404 of the First Step Act proceeds in two steps. First, the court must decide whether the defendant is eligible for relief under § 404. Second, if the defendant is eligible, the court must decide, in its discretion, whether to grant a reduction. That the court might properly deny relief at the discretionary second step does not remedy any error in determining ineligibility at the first step.

McDonald argues that, on remand, the district court must conduct a resentencing hearing to consider his § 404 motion. However, we have already decided that the First Step Act does not require district courts to hold a hearing when considering § 404 motions. United States v. Williams, No. 19-1753, 2019 WL 6316657, at *1 (8th Cir. Nov. 26, 2019).

Because McDonald is eligible for a sentence reduction under the First Step Act, we remand for the district court to exercise its discretion whether to grant relief.

_____

_____

[1]The government also suggests the district court reduced McDonald's sentence in accordance with sections 2 and 3 of the Fair Sentencing Act when it granted a sentence reduction on Count 39 in 2016. If true, this would indeed preclude McDonald's eligibility. Section 404(c) of the First Step Act prevents courts from entertaining a § 404 motion if the sentence was "previously reduced in accordance with . . . sections 2 and 3 of the Fair Sentencing Act." See First Step Act § 404(c). But when the district court reduced McDonald's sentence in 2016, it did not do so in accordance with the Fair Sentencing Act; it instead relied on Amendment 782 and 18 U.S.C. § 3582(c)(2).