# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3294
_____

United States of America

*Plaintiff - Appellee*

v.

Percy E. Grant, also known as Champ

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: April 17, 2020
Filed: May 15, 2020
[Unpublished]
_____

Before COLLOTON, GRUENDER, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Percy Grant pleaded guilty to conspiring to distribute and possessing with intent to distribute fifty grams or more of a mixture or substance containing cocaine base in violation of 21 U.S.C. § 846 ("Count One"), possessing and discharging a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)

("Count Two"), and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) ("Count Three").

The presentence investigation report ("PSR") attributed to Grant at least 500 grams but less than 1.5 kilograms of cocaine base. It calculated a total offense level of 36 and a criminal history category of VI, resulting in an advisory sentencing guidelines range of 324 to 405 months for Count One, a concurrent 10-year sentence for Count Three, and a mandatory 10-year sentence for Count Two, to be served consecutively to Counts One and Three. *See* U.S.S.G. §§ 5G1.1(a), 5G1.2(c).

Before Grant's sentencing in 2009, the parties reached an agreement about various sentencing disputes, including Grant's objection to the amount of cocaine attributed to him in the PSR. As relevant here, Grant agreed that one of his prior convictions qualified as a felony drug offense, subjecting him to a sentencing enhancement, *see* 21 U.S.C. §§ 841(a)(1), (b)(1); 851, and resulting in a mandatory statutory minimum sentence of 20 years for Count One. The Government agreed not to introduce evidence about the quantity of cocaine for which Grant was responsible. As a result of the parties' stipulation, the district court relied on a quantity of fifty grams of crack cocaine. The district court imposed a mandatory 20-year sentence for Count One, a mandatory consecutive 10-year sentence for Count Two, and a concurrent 10-year sentence for Count Three.

Grant subsequently filed a motion to reduce his sentence under section 404 of the First Step Act. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. He argued he was eligible for a reduction because the statutory drug quantity thresholds for his Count One conviction have changed since his sentencing. The Government agreed that Grant was eligible for a sentence reduction but argued that the district court should not exercise its discretion to reduce Grant's sentence.

Persuaded by the Government, the district court[1] declined to reduce Grant's sentence. It based its decision on Grant's background and criminal history, the nature and circumstances of the offense, and the fact that Grant "negotiated what appears to be a greatly reduced sentence" with the Government.

Grant appeals, arguing the district court abused its discretion by denying him a sentence reduction. "We review for an abuse of discretion the district court's decision to grant or deny an authorized sentence reduction." *United States v. McDonald*, 944 F.3d 769, 771 (8th Cir. 2019); *see* First Step Act § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.").

Section 404 of the First Step Act "allows a district court to impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." *McDonald*, 944 F.3d at 771 (internal quotation marks omitted). "Section 2 of the Fair Sentencing Act increased the quantity of cocaine base required to trigger mandatory minimum sentences." *Id*. As relevant here, it "raised the threshold for the 10-year minimum from 50 grams to 280 grams." *Id*. The result of the change in this case is that after accounting for Grant's prior felony drug offense enhancement, his statutory mandatory minimum sentence is reduced from 20 years to 10 years on Count One.

Grant argues that the district court failed to consider adequately how he has "changed since he was last before the district court ten years ago." He points specifically to his completion of educational and self-help courses, as well as a drug education program. The district court noted this argument in its order. "Although a district court *may* consider evidence of a defendant's rehabilitation since his prior sentencing, it is not required to adjust a sentence." *United States v. Hernandez-Marfil*, 825 F.3d 410, 412 (8th Cir. 2016) (per curiam) (internal quotation marks

---

[1]The Honorable Robert F. Rossiter, United States District Judge for the District of Nebraska.

omitted). Moreover, here, the evidence shows that Grant was subject to prison disciplinary action for engaging in sexual acts, possessing drugs and alcohol, possessing an unauthorized item, committing an assault, possessing a dangerous weapon, and using marijuana. The district court did not abuse its discretion based on Grant's post-sentencing history.

Grant also argues the district court failed to consider adequately the fact that he is now forty-one years old. Grant did not argue in his motion to the district court that it should reduce his sentence based on his age, and the district court did not explicitly mention his age in its order. But the district court "need not . . . recite each section 3553 factor." *United States v. Williams*, 943 F.3d 841, 844 (8th Cir. 2019); *see also United States v. Huffman*, 529 F. App'x 426, 433-34 (6th Cir. 2013) (explaining that the district court was not required to expressly consider the defendant's age in its analysis of the § 3553(a) factors because the defendant's age of fifty-eight years is not "unusual" and because the district court need not "expressly recite" each of the factors). As discussed below, the district court sufficiently set forth its reasons for denying Grant's motion, and its failure to mention specifically Grant's age was not an abuse of discretion.

Next, Grant argues the district court failed to consider adequately how public policy with respect to his crimes has changed. He argues that under section 401 of the First Step Act, the § 851 enhancement now requires a prior "serious drug felony," not a "felony drug offense," and he argues that his prior drug conviction would not be considered a "serious drug felony." But section 404 of the First Step Act "makes retroactive only certain statutory changes pertaining to threshold crack cocaine weights triggering mandatory minimum sentences," and it does not make the section 401 amendments retroactive. *United States v. Wiseman*, 932 F.3d 411, 416-17 (6th Cir. 2019); *United States v. Shipton*, 793 F. App'x 458, 459 (8th Cir. 2020) (per curiam). Indeed, section 401 permits specifically the application of its amendments to offenses for which the sentence has not yet been imposed, an unnecessary provision if the amendments applied retroactively. First Step Act § 401(c). We thus cannot say the district court abused its discretion by declining to reduce Grant's

sentence despite this policy change.  *Cf. United States v. Talamantes*, 620 F.3d 901, 902 (8th Cir. 2010) (per curiam) (explaining that district courts are entitled to vary from the guidelines based on a policy disagreement but that they are not required to do so).

Finally, Grant argues that the district court improperly weighed his agreement with the Government when deciding whether to reduce his sentence.  But the parties' agreement was only one of the factors the district court considered.  In particular, the district court noted Grant's "extensive criminal history," including convictions for assault, flight to avoid arrest, and resisting arrest.  His criminal history also includes three convictions for possessing a firearm.  The district court noted further Grant's background and the nature and circumstances of the offense, which included a guilty plea to possessing and discharging a firearm in connection with the cocaine conspiracy offense.  It also carefully considered Grant's arguments, noting but ultimately rejecting his argument that it is "highly likely" he would have received a lower sentence had the Fair Sentencing Act applied at the time of his sentencing.  On this record, we conclude that the district court "considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority." *Williams*, 943 F.3d at 844.  It therefore did not abuse its discretion in declining to reduce Grant's sentence under the First Step Act.

For the foregoing reasons, we affirm.

_____