# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1782
_____

United States of America

*Plaintiff - Appellee*

v.

Anthony Birdine

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: May 11, 2020
Filed: June 22, 2020
_____

Before COLLOTON, BEAM, and BENTON, Circuit Judges.
_____

BEAM, Circuit Judge.

Anthony Birdine appeals the district court's denial of his motion, pursuant to the First Step Act of 2018, to reduce his sentence. Because our recent precedent dictates that Birdine is eligible for relief, we reverse and remand for further proceedings.

## I.      BACKGROUND

In October 2006, Birdine was convicted by a jury on Counts I through IV of a superseding indictment for: (I) conspiracy to distribute and possess with intent to distribute cocaine base; (II and III) distribution of cocaine base; and (IV) possession with intent to distribute cocaine base.  Specifically, the indictment charged that Birdine conspired to and did distribute and possess with intent to distribute at least fifty grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1), and 846 (1999).  At sentencing, however, Birdine was held responsible as a member of the conspiracy for more than 6000 grams of cocaine base, and this amount was used to calculate his sentencing Guidelines range.  As a result of this amount, and due to the fact that he had two prior felony drug offense convictions, Birdine was sentenced in February 2007 under 21 U.S.C. § 841(b)(1)(A)[1] to a mandatory life sentence on Count I.  In Counts II, III and IV, Birdine was sentenced to concurrent sentences of 360 months.  We affirmed.  United States v. Birdine, 515 F.3d 842 (8th Cir. 2008).  In March 2019, Birdine brought the current pro se motion asking for relief under the First Step Act.

## II.      DISCUSSION

The First Step Act became law in December 2018, and as relevant to this case, made specific sections of the Fair Sentencing Act of 2010 retroactive to defendants sentenced before 2010.  First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222.  The 2010 Fair Sentencing Act addressed the wide disparity in sentences between cocaine base (crack) offenders and powder cocaine offenders, and increased the quantity of cocaine base required for an A felony from fifty to 280 grams, and a

---

[1]We will refer to a sentence imposed under § 841(b)(1)(A) in this opinion as an "A felony" and a sentence imposed under § 841(b)(1)(B) as a "B felony."  See United States v. Moore, No. 4:09CR3091, 2019 WL 5393815, at *1 n.2 (D. Neb. Oct. 22, 2019).

B felony from five to twenty-eight grams. Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372; United States v. McDonald, 944 F.3d 769, 771 (8th Cir. 2019).

The First Step Act applies to a "covered offense" which "(1) . . . is a violation of a federal statute; (2) the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act; and (3) it was committed before August 3, 2010." McDonald, 944 F.3d at 772. Section 404 of the First Step Act "allows a district court to impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Id. at 771 (quotation omitted). In McDonald, we held that "[t]he First Step Act applies to offenses, not [relevant] conduct, see First Step Act § 404(a), and it is [defendant's] statute of conviction that determines his eligibility for relief." Id. at 772.

Because Birdine was indicted and convicted for only fifty grams of cocaine base, under the reasoning in McDonald, Birdine's Count I must now be considered a "B felony" under 21 U.S.C. § 841(b)(1)(B)(iii) (involving at least twenty-eight grams of cocaine base), and Birdine avoids the mandatory life sentence that was imposed in 2007 as an "A felony" under § 841(b)(1)(A).[2] As a "B felony," and because Birdine still has a prior felony drug offense conviction, the statutory sentencing range is "not . . . less than 10 years and not more than life imprisonment." 21 U.S.C. § 841(b)(1)(B)(iii). Thus, while Birdine is still subject to a possible life sentence on Count I, it is no longer mandatory.

The district court denied Birdine's pro se motion for relief, noting that Birdine was found to be responsible for 6000 grams of cocaine base at sentencing, and further

---

[2]Indeed, in McDonald, the defendant's penalty also changed from an "A felony" to a "B felony" based on the amount charged in the indictment. 944 F.3d at 771-72.

held that giving Birdine relief from the life sentence under § 841(b)(1)(A) would be a retroactive application of section 401 of the First Step Act.[3]  However, in resolving this matter, the district court did not have the benefit of the <u>McDonald</u> decision. Applying <u>McDonald</u>, Birdine's conviction meets the three prerequisites of a covered offense, and Birdine is eligible for relief under the First Step Act.

## III.  CONCLUSION

All relief under section 404 of the First Step Act is discretionary.  Pub. Law No. 115-391, § 404(c), 132 Stat 5194, 5222 ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."). Accordingly, we reverse and remand to the district court for further proceedings to consider whether to exercise its discretion and reduce Birdine's sentence.

_____

---

[3]Incidentally, section 401(a)(2)(A)(ii) of the First Step Act also modifies 21 U.S.C. § 841(b)(1)(A), lowering the mandatory life sentence to a sentence of not less than twenty-five years.  However, this amendment is not retroactive and applies only to defendants sentenced after December 21, 2018.