# United States Court of Appeals

### For the Eighth Circuit

_____

No. 19-2406

_____

United States of America

*Plaintiff - Appellee*

v.

Jimmie C. Johnson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: June 15, 2020
Filed: July 23, 2020
[Unpublished]

_____

Before LOKEN, ARNOLD, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Jimmie C. Johnson appeals the district court's[1] refusal to reduce his sentence under United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") Amendment

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

782 and the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). According to Johnson, the district court failed to explain why it refused to reduce his sentence, when Johnson was eligible for a sentence reduction under both the First Step Act and Amendment 782. We disagree and affirm the denial of Johnson's requested reduction.

The district court unambiguously acknowledged its discretion to grant both Johnson's motion for a reduced sentence under the First Step Act and his motion for a reduced sentence under Amendment 782. A district court only has discretion to grant reduction motions insofar as the defendant is eligible for the reduced sentence sought. *See generally* 18 U.S.C. § 3582(c). The court, therefore, must have determined Johnson was eligible for a reduced sentence under *both* the First Step Act and Amendment 782.

The district court's eligibility determination was correct. Johnson was eligible for a reduced sentence under the First Step Act since the statutory penalties for the federal crime he committed in 1996 had been modified by the Fair Sentencing Act of 2010. First Step Act § 404(b); *United States v. McDonald*, 944 F.3d 769, 772 (8th Cir. 2019). For purposes of First Step Act eligibility, it does not matter whether he was credited, at his initial sentencing, with an amount of cocaine that currently triggers the same statutory penalty he originally faced. *United States v. Birdine*, 962 F.3d 1032, 1032–33 (8th Cir. 2020). This is because "[t]he First Step Act applies to offenses . . . and it is [the defendant's] statute of conviction that determines his eligibility for relief," not the conduct proven at sentencing. *McDonald*, 944 F.3d at 772.

Johnson was likewise eligible for a reduced sentence under Guidelines Amendment 782. When initially sentenced, he was credited with 845 grams of cocaine base, which resulted in a base offense level of 36 under the then-applicable Guidelines. Coupled with Johnson's sentencing enhancements and criminal history,

the Guidelines recommended (or, rather, required at the time) a sentence of life imprisonment. The Guidelines now, reflecting Amendment 782, provide a base offense level of 32 for the same quantity of cocaine base. U.S.S.G. § 2D1.1(c)(4). This new base offense level, plus the enhancements and Johnson's criminal history, now yields a recommended sentence of 360 months to life imprisonment.

The district court therefore could have reduced Johnson's sentence. But under either the First Step Act or Amendment 782, whether to reduce an eligible defendant's sentence is discretionary. *See* First Step Act § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."); 18 U.S.C. § 3582(c)(2) (stating that "the court *may* reduce the term of imprisonment" after a Guidelines amendment lowers the defendant's sentencing range). We therefore review the district court's refusal to reduce Johnson's sentence for abuse of discretion. *McDonald*, 944 F.3d at 771; *United States v. Jones*, 836 F.3d 896, 898–99 (8th Cir. 2016).

Johnson accuses the district court of committing procedural error, namely, failing to consider the sentencing factors listed in 18 U.S.C. § 3553(a) and failing to explain its reason for refusing to reduce the sentence. *See United States v. Hernandez-Marfil*, 825 F.3d 410, 412 (8th Cir. 2016). But the district court's brief yet candid assessment of Johnson's deserts gets right to the heart of § 3553(a) — it speaks to Johnson's history, the nature and circumstances of his conduct, the seriousness of the offense, the need to protect the public and deter future crimes, and the inadequacy of a lesser sentence. The district court may not have addressed all § 3553(a) factors in depth, but "we do not require lengthy explanations from district courts . . . . when amending sentences pursuant to § 3582(c)." *United States v. Clark*, 563 F.3d 722, 725 (8th Cir. 2009); *see also United States v. Moore*, No. 19-3187, 2020 WL 3442714 (8th Cir. June 24, 2020) ("When reviewing a section 404 [of the First Step Act] petition, a district court may, but need not, consider the section 3553 factors."). Though the district court's explanation of its decision was short, it is

"clear from the record that the district court actually considered the § 3553(a) factors. . . ." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). We find neither procedural error nor an abuse of discretion. *See id.* (explaining that we may presume a within-Guidelines sentence is substantively reasonable). The refusal to reduce Johnson's sentence is affirmed.

_____