# United States Court of Appeals
## For the Eighth Circuit
_____

No. 19-3680
_____

United States of America

*Plaintiff - Appellee*

v.

Andre L. Williams

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport
_____

Submitted: October 19, 2020
Filed: January 4, 2021
[Unpublished]
_____

Before COLLOTON, GRASZ, and STRAS, Circuit Judges.
_____

PER CURIAM.

Andre Williams moved for a reduced sentence under the First Step Act. The district court[1] declined to grant that reduction. We affirm.

_____

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

In 2008, a jury convicted Williams of conspiring to manufacture, distribute, or possess with intent to distribute fifty grams or more of cocaine base, conspiring to open and maintain a house for manufacturing and distributing cocaine base, opening and maintaining such a house, and distributing cocaine base. *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), 846, and 856(a)(1). The district court sentenced Williams to 292 months of imprisonment for the conspiracy count and 240 months on each of the other counts, all to be served concurrently. In 2014, the district court reduced his sentence to 235 months under United States Sentencing Guidelines' Amendment 782. *See* 18 U.S.C. § 3582(c)(2). After the First Step Act passed in 2018, Williams moved for another sentence reduction. *See* First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194.

The district court denied that motion, stating: "the First Step Act's grant of retroactive relief for those sentenced prior to the enactment of the Fair Sentencing Act . . . affords the defendant no relief . . . . The court has reviewed the entire record and would decline to grant relief if it were available to this defendant." Williams now appeals.

We review the legal question of Williams's sentence-reduction eligibility de novo and the denial of that reduction for abuse of discretion. *United States v. McDonald*, 944 F.3d 769, 771 (8th Cir. 2019). In conducting the abuse of discretion review, a significant procedural error occurs if the district court failed "to understand the scope of its authority and discretion at sentencing." *United States v. Moody*, 930 F.3d 991, 993 (8th Cir. 2019) (quoting *United States v. Tabor*, 531 F.3d 688, 692 (8th Cir. 2008)). An error was harmless if it did not affect the sentencing conclusion. *Id.*

The First Step Act sentencing-reduction analysis involves two steps. First, a district court must decide if the defendant is eligible for a reduction under § 404. *See McDonald*, 944 F.3d at 772. Second, for an eligible defendant, the district court has discretion to choose whether to grant a reduction. *Id.*

After our recent rulings clarifying that we base eligibility determinations on the statute of conviction, rather than the defendant's conduct, the government conceded Williams's § 404 eligibility. *See United States v. Howard*, 962 F.3d 1013, 1014 (8th Cir. 2020); *United States v. Banks*, 960 F.3d 982, 984 (8th Cir. 2020) (quoting *McDonald*, 944 F.3d at 772). Accordingly, we conclude that Williams is eligible for relief because his statute of conviction, 21 U.S.C. § 841, is a "covered offense" under § 404(a). *See McDonald*, 944 F.3d at 772.

In light of his eligibility for relief, Williams contends that the district court abused its discretion by misapprehending the broad scope of its authority. We disagree.

We are not inclined to read the district court's order as saying that Williams was ineligible for relief under § 404. Instead, the district court stated it "would decline to grant relief" to Williams "if it were available." But even if the district court had erred regarding Williams's eligibility, the court's "plain statement" that it would not exercise its discretion to reduce Williams's sentence under the First Step Act is enough to "close[] the matter." *Howard*, 962 F.3d at 1015 (affirming the denial of a sentencing-reduction motion under similar circumstances); *see United States v. Hoskins*, 973 F.3d 918, 920–21 (8th Cir. 2020) (same).

Williams also argues the district court abused its discretion by violating his right to a "complete review" of his motion. A complete review occurs when a "district court consider[s] petitioner's arguments in the motion and had a reasoned basis for its decision." *United States v. Moore*, 963 F.3d 725, 728 (8th Cir. 2020) (cleaned up) (quoting *United States v. Williams*, 943 F.3d 841, 844 (8th Cir. 2019)). Here, the district court stated that the § 3553(a) factors and Williams's Guidelines range drove the sentence. Because we presume the district court considered a defendant's arguments before making a sentencing determination, *United States v. Timberlake*, 679 F.3d 1008, 1012 (8th Cir. 2012), we hold that the district court conducted a "complete review" of Williams's motion.

As the original sentencing court, the district court was "uniquely positioned to consider the many factors necessary in exercising its ultimate discretion," and it specifically addressed its First-Step-Act discretion. *Howard*, 962 F.3d at 1015. Thus, we are satisfied that the district court did not abuse its substantial discretion in denying Williams's requested reduction.

The district court's judgment is affirmed.

_____