# United States Court of Appeals

### For the Eighth Circuit

_____

No. 19-2685

_____

United States of America

*Plaintiff - Appellee*

v.

Antwoyn Terrell Spencer

*Defendant - Appellant*

_____

No. 19-2691

_____

United States of America

*Plaintiff - Appellee*

v.

Derrick Jerome Spencer

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: February 17, 2021
Case Re-Submitted: March 5, 2021
Filed: May 27, 2021
_____

Before COLLOTON, BENTON, and KELLY, Circuit Judges.
_____

BENTON, Circuit Judge.

Brothers Antwoyn T. and Derrick J. Spencer moved pro se to reduce their sentences under the First Step Act of 2018. *See* **Pub. L. No. 115-391**, § 404, 132 Stat. 5194, 5222. The district court denied the motions, finding both of them ineligible. *United States v. Spencer*, 2019 WL 3369794, at \*2 (D. Minn. July 26, 2019); *United States v. Spencer*, 2019 WL 3369792, at \*2 (D. Minn. July 26, 2019). Having jurisdiction under 28 U.S.C. § 1291, this court reverses and remands.

I.

In September 2007, the Spencers were convicted of a conspiracy to distribute both crack and powder cocaine. *See* **21 U.S.C. § 846**. The jury found each brother guilty of conspiring to distribute at least 5 kilograms of powder and at least 50 grams of crack. Their convictions then triggered penalties under § 841(b)(1)(A)(ii) (for powder cocaine) and (b)(1)(A)(iii) (for crack cocaine, or "cocaine base"). *See* **21 U.S.C. § 841 (b)(1)(A)(iii)** (repealed Aug. 3, 2010). Though their conspiracy involved two controlled substances triggering different penalties, "participation in a single drug-trafficking conspiracy constitutes a single offense." *See United States v. Taylor*, 982 F.3d 1295, 1300 (11th Cir. 2020), *citing Braverman v. United States*, 317 U.S. 49, 54 (1942). Antwoyn received 324 months. *United States v. Spencer*, 592 F.3d 866, 872, 882 (8th Cir. 2010) (affirming sentence). Derrick received 292 months, but his sentence was later reduced to 262 months. *Id.*; *Spencer*, 2019 WL 3369792, at \*1 (noting that because Derrick had a prior drug conviction, he had a 20-year mandatory minimum sentence on the conspiracy charge).

They moved to reduce their sentences under § 404 of the First Step Act. The district court ruled them ineligible and denied relief. They appeal.

## II.

This court considers the motions for First Step Act relief in two steps. *See United States v. McDonald*, 944 F.3d 769, 772 (8th Cir. 2019). "First, the court must decide whether the defendant is eligible for relief under § 404. Second, if the defendant is eligible, the court must decide, in its discretion, whether to grant a reduction." *Id.* This court "review[s] de novo the applicability of the First Step Act to a defendant's case, including whether a defendant is eligible for a sentence reduction." *Id.* at 771.

The Fair Sentencing Act of 2010 reduced (future) sentencing disparities between crack-cocaine and powder-cocaine offenses. *Id.*, *citing Dorsey v. United States*, 567 U.S. 260, 269 (2012); **Fair Sentencing Act of 2010**, Pub. L. No. 111-220, 124 Stat. 2372. In 2018, the First Step Act made specific parts of the Fair Sentencing Act retroactive to offenses committed before August 3, 2010. *McDonald*, 944 F.3d at 771. Section 404(b) permits a district court to reduce the sentence for a "covered offense." "[T]he term 'covered offense' means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act." **§ 404(a)**.

The parties dispute the Spencers' eligibility. The issue is whether a "covered offense" includes their multidrug conspiracy with the objects to distribute both crack and powder cocaine. *See Taylor*, 982 F.3d at 1300. The answer depends on whether the "statutory penalties" for that single "violation" include (1) the statutory penalties for both objects of the conspiracy or (2) the statutory penalties for only the object of the conspiracy that actually determines the minimum and maximum penalties for the violation. The government advocates the second approach, reasoning that the

Spencers are not eligible because the powder cocaine would trigger the same minimum and maximum penalties, regardless of the Fair Sentencing Act.

Section 404(a) of the First Step Act says that covered offenses are those whose penalties "were *modified* by section 2 or 3 of the Fair Sentencing Act." (Emphasis added.) Before the Fair Sentencing Act, the Spencers' crack-cocaine quantity—over 50 grams—triggered a 10-year minimum sentence. *See **McDonald***, 944 F.3d at 771; ***Taylor***, 982 F.3d at 1301. It now triggers a 5-year minimum sentence. *See* **§ 841(b)(1)(B)(iii)**; ***McDonald***, 944 F.3d at 771. So the "statutory penalties for" one object of the Spencers' multidrug conspiracy offense "were modified by" § 2 of the Fair Sentencing Act. *See **Taylor***, 982 F.3d at 1301.

This is true even if the Spencers "ultimately would be subject to the same statutory sentencing range as a consequence of" the powder cocaine. *See **id.*** "[T]he 'statutory penalties for' a drug-trafficking offense include *all* the penalties triggered by every drug-quantity element of the offense, not just the highest tier of penalties triggered by any one drug-quantity element." ***Id.*** at 1300.[1]

---

[1]This court requested briefing whether a live controversy exists in Antwoyn's case. Because Antwoyn was convicted of more than one count in a multicount indictment, his case involves a sentencing package. *See **United States v. Evans***, 314 F.3d 329, 332, 334 (8th Cir. 2002) ("Under the [Sentencing] Guidelines, a multi-count sentence is a package." (internal quotation marks omitted)) ("Once the total punishment is determined, Part 5G directs the court to sentence multiple counts of conviction as an interdependent package, and to use consecutive as well as concurrent sentencing to construct a combined sentence equal to the total punishment."). As discussed, a modification of the crack-cocaine object could permit a sentence reduction on the powder-cocaine object. *See* **First Step Act, § 404(b)** (permitting a court to "impose a reduced sentence" but not limiting this relief to defendants who were sentenced only for a covered offense). There is, thus, a live controversy in Antwoyn's case. *See generally **Spencer v. Kemna***, 523 U.S. 1, 7 (1998) (ongoing incarceration confers Article III standing). *Cf. **United States v. Mannie***, 971 F.3d 1145, 1153-54 (10th Cir. 2020) (no standing where defendant's concurrent sentences were nonreducible, unlike Antwoyn's sentence that was packaged).

The First Step Act does not require the Spencers to show that the Fair Sentencing Act reduced their penalties. *See **id.*** at 1301. *See also **United States v. Winters***, 986 F.3d 942, 948 (5th Cir. 2021) ("In the case of a multi-object offense, the argument that eligibility requires that there be a change in the statutory range resulting from considering all objects of the conspiracy is adding language to what Congress stated in simple terms.").

First, Congress used the term "modified"—not "reduced," "lowered," or "decreased." **§ 404(a)**. This implements the Fair Sentencing Act, which did not reduce, lower, or decrease penalties for crack-cocaine offenses. *See **McDonald***, 944 F.3d at 771. It increased the minimum crack-cocaine quantity for the penalty ranges. ***Id.*** ("Section 2 of the Fair Sentencing Act increased the quantity of cocaine base required to trigger mandatory minimum sentences. It raised the threshold for the 5-year minimum from 5 grams to 28 grams, and raised the threshold for the 10-year minimum from 50 grams to 280 grams."), *citing **Dorsey***, 567 U.S. at 269. "Modified" in § 404(a) requires only a change in the penalties for the crack-cocaine quantity.

Second, a related subsection, § 404(c), states limitations on the First Step Act's application. Congress did not limit it to single-drug conspiracies involving crack cocaine, or to defendants whose penalties would decrease after the Fair Sentencing Act.

"[T]he First Step Act casts a wide net at the eligibility stage." ***Taylor***, 982 F.3d at 1300. The Spencers are eligible for resentencing under the First Step Act. *See **Winters***, 986 F.3d at 949 ("Whether the interplay of statutory minima of the modified and other, unmodified statutes relevant to the conviction actually changes the sentencing range is relevant, but only at the later merits stage."); ***United States v. Gravatt***, 953 F.3d 258, 264 n.5 (4th Cir. 2020) ("[S]tatutory mandatory minimum terms remain in effect for certain drug offenses. Even if a defendant's sentence involves a covered offense, the district court's review of a defendant's First Step Act

motion cannot avoid those statutory requirements."). *See generally* ***Taylor***, 982 F.3d at 1301; ***Winters***, 986 F.3d at 950 (dual-object conspiracy to distribute both crack and powder cocaine is a covered offense)[2]; ***Gravatt***, 953 F.3d at 264 (same); ***United States v. Mitchell***, 832 Fed. Appx. 387, 390-91 (6th Cir. 2020) (Stranch, J., concurring) (signaling support for *Gravatt*'s approach); ***United States v. Hudson***, 967 F.3d 605, 611 (7th Cir. 2020) (holding defendant convicted of crack offense and firearm offense eligible for First Step Act relief). *But see* ***United States v. Lott***, 830 Fed. Appx. 365, 366 (2d Cir. 2020) (triple-object conspiracy not covered).

* * * * * * *

The judgments are reversed, and the cases remanded for further proceedings consistent with this opinion.

————————————————

---

[2]To the extent *Winters* and *Gravatt* discuss a dual-object conspiracy as two separate offenses, this court disagrees. *See* ***Winters***, 986 F.3d at 949 ("The 'statutory penalties' have to be considered modified when any statutory penalty for one of the offenses included in a count of conviction has been changed."); ***Gravatt***, 953 F.3d at 264 ("If Congress intended for the Act not to apply if a covered offense was combined with an offense that is not covered, it could have included that language."). A dual-object conspiracy is a single offense. ***Taylor***, 982 F.3d at 1300, *citing* ***Braverman***, 317 U.S. at 54.