# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-1566
_____

United States of America

*Plaintiff - Appellee*

v.

Keith Darnell Ivy

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: January 11, 2021
Filed: October 14, 2021
[Unpublished]
_____

Before LOKEN, GRASZ, and KOBES, Circuit Judges.
_____

PER CURIAM.

The district court[1] denied Keith Ivy's motion for a sentence reduction under the First Step Act. Ivy appeals, arguing that the court erred by concluding that he wasn't

---

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

eligible for a reduction. Ivy misunderstands the district court's ruling. The court didn't hold that Ivy was ineligible for relief. Rather, based on its prediction of how Ivy would be charged if he was prosecuted today, the court exercised its discretion to deny relief. Because that was not an abuse of discretion, we affirm.

I.

Ivy was arrested after fleeing a traffic stop. After police caught him, they found about 40 grams of crack cocaine that he had thrown away while on the run. Ivy was charged under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) for possession of five grams of cocaine base with intent to distribute. Due to his prior drug conviction, Ivy's statutory penalty range was ten years to life in prison. Ivy's status as a career offender, plus his statutory maximum of life in prison, gave him a Guidelines range of 262 to 327 months in prison. The court sentenced him to 262 months and eight years of supervised release.

While Ivy was in prison, Congress passed the First Step Act of 2018, Pub. L. 115–391, 132 Stat. 5194, which retroactively raised thresholds for certain drug offenses. Relevant here, the Act raised the amount of crack necessary for a five year mandatory minimum from five grams to 28 grams.

Ivy moved for a sentence reduction under the First Step Act, arguing that now his Guidelines range would have been 188 to 235 months, not 262 to 327 months. The district court denied his motion, concluding that if Ivy were sentenced today, prosecutors would charge him under the new 28-gram minimum and he would have received the same sentence. Ivy appealed.

## II.

Ivy argues that the court made two mistakes. First, he claims the court incorrectly assumed that he was ineligible for relief. The court determined that because prosecutors would have simply charged Ivy with the new 28-gram minimum (since Ivy possessed 40 grams), he is in the same position he would've been if he had the benefits of the First Step Act at the time of sentencing. Ivy argues that this misunderstands the law. As we noted in United States v. McDonald, "[t]he First Step Act applies to offenses, not conduct." 944 F.3d 769, 772 (8th Cir. 2019). For First Step Act eligibility, it doesn't matter that prosecutors *could have* charged Ivy for 28 grams of crack. What matters is what they *actually* charged him with—five grams. So if the district court thought that Ivy was ineligible for relief, it would have committed legal error.

That's not what the court did. All cases involving First Step Act reductions have two questions: (1) whether the prisoner is eligible for relief, and (2) whether the court should grant relief. Id. at 772. See also Fair Sentencing Act § 404, 132 Stat. at 5222 ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."). Ivy challenges the district court's decision under prong one, arguing that the district court mistakenly assumed that he was ineligible for relief. See McDonald, 944 F.3d at 772 (holding that a mistake about eligibility requires remand).

But the district court thought that Ivy *shouldn't* get a reduction—not that he *couldn't* get one as a matter of law. That's clear from the final sentence of the order: "the court declines to exercise its discretion to reduce his sentence." If the court thought that Ivy wasn't eligible for relief, it would have had to deny the motion and wouldn't have mentioned discretion. Because the court didn't hold that Ivy was ineligible for First Step Act relief, it didn't err.

Ivy also argues that the court procedurally erred by not adequately considering his arguments for a sentence reduction. When considering a motion for a reduced sentence under the First Step Act, a court must "consider[] petitioner's arguments in the motion and [have] a reasoned basis for its decision" to deny relief. United States v. Moore, 963 F.3d 725, 728 (8th Cir. 2020) (citation omitted). The court met that requirement. It provided multiple reasons to deny Ivy's motion: his previous drug conviction, his designation as a career offender, and the fact that his sentence would have likely been the same if he were charged today. That's more than enough. The court was not required to go through each of the § 3553(a) factors. United States v. Orr, 830 F. App'x 790, 792 (8th Cir. 2020) (per curiam).

III.

Because the district court didn't err, we affirm.

_____