# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-1461
_____

United States of America,

*Plaintiff - Appellee,*

v.

Dewanis Rogers.

*Defendant - Appellant.*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: November 13, 2023
Filed: February 9, 2024
_____

Before COLLOTON, WOLLMAN, and BENTON, Circuit Judges.
_____

COLLOTON, Circuit Judge.

Dewanis Rogers appeals an order of the district court[*] declining to impose a reduced sentence under the First Step Act of 2018. We conclude that the district

_____

[*]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

court could not lawfully have reduced Rogers's sentence due to a mandatory term of imprisonment prescribed by statute, and we therefore affirm.

In February 2008, Rogers was adjudged guilty of conspiracy to distribute 50 grams or more of cocaine within 1,000 feet of a protected location after two or more prior felony drug convictions. *See* 21 U.S.C. §§ 846, 841(a)(1), 860 (2006). Section 860 provides that any person who violates § 841(a)(1) by distributing drugs near a protected location is subject to an enhanced punishment. At the time of Rogers's offense, § 841(b)(1)(A) provided that if a person committed a violation of § 860 after two or more prior convictions for a felony drug offense, the offender was subject to a mandatory term of life imprisonment. 21 U.S.C. § 841(b)(1)(A) (2006). And § 846 provided that any person who conspires to commit a violation of § 860 is subject to the same penalties as those prescribed for a violation of § 860. *See United States v. Euans*, 285 F.3d 656, 661-62 (8th Cir. 2002).

Rogers had sustained two prior felony drug convictions, and the government filed a notice of prior convictions under 21 U.S.C. § 851. Therefore, the district court concluded that the mandatory penalty for Rogers's conspiracy offense was life imprisonment, and sentenced him accordingly.

In June 2022, Rogers moved the court to reduce his sentence under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. The district court denied the motion on the ground that Rogers was ineligible for relief under the Act.

Rogers appeals and argues that the district court erred in its ruling on eligibility. We typically employ a two-step approach when reviewing the denial of a motion for relief under the First Step Act. First, we determine *de novo* whether the defendant is eligible for relief. We then review the court's decision whether to grant a reduction for abuse of discretion. *United States v. Spencer*, 998 F.3d 843, 845 (8th Cir. 2021).

The parties dispute whether Rogers is eligible for relief. Under § 404 of the First Step Act, a defendant is eligible for a reduction if he committed an offense for which the statutory penalties were modified by Section 2 or 3 of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. Section 2 of the Fair Sentencing Act modified the penalties for drug trafficking under 21 U.S.C. § 841(b)(1)(A)(iii) (2006). But the Act did not change the mandatory punishment of life imprisonment for a conspiracy to violate 21 U.S.C. § 860 where an offender had sustained two prior convictions for drug felonies.

Rogers contends that he is eligible for relief because the Fair Sentencing Act modified the penalties for one object of his conspiracy offense (*i.e.*, the object of drug trafficking independent of the protected location). *See Spencer*, 998 F.3d at 845. The government asserts that Rogers is ineligible for relief because the Act did not modify the penalties for a violation of § 860 by a recidivist, and the statutory minimum sentence still applies. Assuming without deciding that Rogers is eligible for relief under the First Step Act, any error was harmless. The First Step Act did not permit the district court to impose a sentence below the statutory minimum term, so there was no prejudice to Rogers from any error in determining his eligibility.

Rogers argues that under *Concepcion v. United States*, 597 U.S. 481 (2022), the district court could have considered changes in law that would have made the mandatory term of life imprisonment inapplicable if he were sentenced today. In particular, he argues that Congress in 2018 amended the penalty provision of § 860 to require two prior convictions for a "serious drug felony," rather than a "felony drug offense," to trigger the mandatory term of life imprisonment. *See* First Step Act § 401. He maintains that one of his prior convictions would not have qualified as a "serious drug felony" under the current statute if he were sentenced today.

The First Step Act permits courts to impose a reduced sentence "as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered

offense was committed." § 404(b) (citation omitted). *Concepcion* held that a district court exercising discretion to reduce a sentence under the First Step Act may consider evidence of rehabilitation, disciplinary infractions, or unrelated changes to the sentencing guidelines. 597 U.S. at 496.

*Concepcion* acknowledged, however, that a district court's discretion may be limited by statute. *Id.* at 494. Congress prescribed a mandatory punishment for Rogers's conspiracy to violate 21 U.S.C. § 860, and Congress does not repeal federal criminal penalties unless it says so "expressly." *Id.* at 497; *see* 1 U.S.C. § 109. By providing that a district court may reduce a sentence "as if" the Fair Sentencing Act were in effect, the First Step Act allows a court to consider statutory changes identified in the Fair Sentencing Act. But the amendment to § 841(b)(1)(A) concerning prior drug convictions does not appear in Section 2 or 3 of the Fair Sentencing Act, and Congress has not otherwise made the change retroactive. Accordingly, Rogers is still subject to the mandatory term of life imprisonment that applied under § 841(b)(1)(A) at the time of his offense.

The order of the district court is affirmed.

_____